1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10
11

| | |
|---|---|
| JERRY LEON MORRIS, JR., | Case No.: 1:19-cv-1751- JLT |
| Plaintiff, | ORDER TO PLAINTIFF TO SHOW CAUSE WHY HIS MOTION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

12
13
14
15
16

17      Plaintiff seeks to proceed *in forma pauperis* with this action for judicial review of the decision

18   to deny his application for Social Security benefits.  (Docs. 1, 2)  The Court may authorize the

19   commencement of an action without prepayment of fees "by a person who submits an affidavit that

20   includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such

21   fees or give security therefor."  28 U.S.C. § 1915(a).  Thus, an action may proceed despite a failure to

22   prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez*

23   *v. Cook*, 169 F.3d 1176, 1177, 1178 (9th Cir. 1999).

24      The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of

25   privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to

26   due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314

27   F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to

28   proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller*, 314 F.2d at 600-01.  In

1

making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff indicates that he remains employed by Guarda but also notes that he has not received any income since September 2014 because he is "not able to work." (Doc. 2 at 1-2) According to Plaintiff, in August 2019, he received a workers compensation settlement of about $66,000, "out of which [he] had to pay back family" for what was "borrowed to live on for the past 5 years." (*Id.* at 2) In addition, Plaintiff reports that he received a payment of $29,600, which he anticipates paying taxes upon, but does not know the amount that will be due. (*Id.*) He explains he is "trying to hold on to what [he] can to pay [the] billes each [month]" as well as the taxes when due. (*Id.*) Plaintiff indicates he currently has $600 in a bank account at Chase and $15,000 in a Bank of America account. (*Id.*at 3)

Significantly, the information provided does not support the conclusion that Plaintiff is unable to provide for himself—or his family—with life's necessities while paying the Court costs. Although Plaintiff clearly desires to save his remaining funds, it appears that the amount remaining from the payments and available in the bank accounts is more than sufficient to pay the Court filing fees.

## ORDER

Based upon the foregoing, the Court **ORDERS**: Within 21 days, Plaintiff **SHALL** show cause in writing why the motion to proceed in forma pauperis should not be denied.

**Plaintiff is advised that failure to respond timely to this order will result in a recommendation that his motion to proceed in forma pauperis be denied.**


IT IS SO ORDERED.

Dated:     **December 30, 2019**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE